UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN MILLER,
        Plaintiff,                        CASE NO.: 2:07-CV-14965

vs.                                        DISTRICT JUDGE PATRICK J. DUGGAN
                                              MAGISTRATE JUDGE STEVEN D. PEPE

SANILAC COUNTY &
JIM WAGESTER,

        Defendants.
_____/

**Order Regarding Plaintiff's Motion to
Compel Initial Disclosures and Discovery (Dkt. # 7):**

On November 11, 2007, Plaintiff, Alan Miller, filed a Complaint against Defendant Jim Wagester under 42 U.S.C. § 1983 alleging violations of his Fourth and Fourteenth Amendment rights as well as common law claims of assault and battery, false arrest, false imprisonment, malicious prosecution and gross negligence (Dkt. # 1). Count VIII is against Sanilac County for the failure of its Sheriff's Department to adequately train supervise and discipline its officers. On April 28, 2008, Plaintiff filed a Motion to Compel Initial Disclosures and Discovery (Dkt. # 7). On May 1, 2008, this motion was referred to the undersigned for hearing and determination (Dkt. # 10).

Before the filing of this motion, Defendants did not file any objections to Plaintiff's discovery requests. After the motion was filed, answers were provided to all requests for production except:

    1. Any and all investigatory documents produced in relation to the incident complained of herein, including investigatory reports, internal affairs documents, memos, and/or notes;

    2. Any and all citizen complaints filed against the Defendant for his entire length of

employment;

    3. The complete personnel files of each Defendant; and

    4. Any and all internal affairs documents relating to the incident.

Having failed to timely object to them, Defendant has waived any objections it might have asserted with respect to Plaintiff's discovery requests. See 8A C. Wright, A. Miller & R. Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2173, (2008), and extensive case authority cited therein.

In the alternative, at the hearing defense counsel cites *Segura v. City of Reno,* 116 F.R.D. 42 (D. Nev.,1987) which held:

> The vast majority of the documents contained in the personnel files of defendants Walker and Barboza are irrelevant, as they are not reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b).

*Id.* at 43-44.

That holding was fact specific. With regard to discovery potentially relevant to the issue of any policy and practice of the police failing to train and supervise, the court noted:

> There are some documents, however, which could arguably fall within that category. These documents consist of memoranda of previous incidents in which the defendants were accused of excessive use of force. All of these incidents were investigated, and where the department found that excessive force had been utilized, the officer was disciplined. Thus, it cannot be said that this information displays the policy and practice of the Reno Police to fail to train and supervise their officers adequately. Indeed, these documents show that the policy of the department *is* to train and supervise adequately. The documents are not discoverable on that basis.

*Id.*

In the present case, Plaintiff's counsel seeks the prior citizens' complaints against Defendant Wagester and any investigations undertaken of the incident to determine under

*Monell v. Department of Social Services,* 436 U.S. 658 (1978), *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) and *City of Canton v. Harris,* 489 U.S. 378 (1989), if the County had a policy or practice that condoned excessive force and/or that it failed to supervise and train Defendant James Wagester adequately. In *Segura,* the judge indicated there was not a claim challenging the individual training or supervision of the officer involved, but solely a general claim of inadequate supervision and training. After reviewing the prior complaints against police officers, the *Segura* court made what must be described as a finding of fact that the general supervision and training was done adequately. The documents were clearly relevant to the issue of the police policy on training and supervision, and as such ordinarily would be discoverable. But because this relevant evidence made out the defendant's case on the merits, the *Segura* court determined that these relevant facts were not discoverable.

Rather that turn a discovery motion into a hybrid summary judgment motion on a central issue in the case as the *Segura* court seems to have done, it is determined that the more traditional tenants of the adversary system best develop and frame for argument by the respective attorneys the facts related to *Monell* issues asserted. Thus, the citizen complaints filed against the Defendant Wagester shall be produced to defense counsel subject to a protective order that they be used solely in relation to this case and returned to defense counsel at the conclusion.

The *Segura* court did determine that the factual portions of the internal affairs investigation must be produced but not the evaluation and sanctions section which would be inadmissible under Fed. R. Evid . 407 as a remedial measure or involving executive privilege material.

> In this case, the IAD investigation consists mostly of summarized fact statements given by the plaintiffs and the police officers in question. Because the statements were made at an earlier time, their value as impeachment material is clear. The fact summaries in the IAD report are thus relevant, and should be produced on

> that basis. . . . The portion of the IAD report that contains disciplinary
> recommendations, on the other hand, would be of no impeachment value. This
> portion . . . need not be produced as it is irrelevant.

*Id.* at 44-45.

Accordingly, for these and the other reasons stated on the recorded, Defendant Sanilac County shall on or before Thursday July 3, 2008:

1.) provide to the undersigned for *in camera* review (by mail: P.O. Box 7150, Ann Arbor, MI 48107, or by other carrier: 200 E. Liberty St., Suite 114, Ann Arbor MI 48104) a complete copy of any internal affairs report(s) concerning Defendant Wagester's involvement with Plaintiff. Alternatively, Defendant Sanilac County shall produce to Plaintiff's counsel a copy of the factual portions of any such internal affairs report with any evaluative portions redacted, and provide to the undersigned a complete copy of such internal affairs report with redactions highlighted;

2.) provide to the undersigned for an *in camera* review the personnel file of Defendant Wagester for *an in camera* review; and

3.) provide Plaintiff's counsel with all prior citizen complaints issued against Defendant Wagester.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Dated: June 19, 2008                             s/ Steven D. Pepe
Ann Arbor, MI                                    United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 20, 2008.

                                                s/ Alissa Greer
                                                Case Manager to Magistrate
                                                Judge Steven D. Pepe
                                                (734) 741-2298